## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

UNITED STATES OF AMERICA,

    v.                                     CRIMINAL NO.  H-08-00022

PAUL GRAYSON NOVAK,

        Defendant.

## PLEA AGREEMENT

The United States of America, by and through Hank Bond Walther, Assistant Chief, and Laura N. Perkins, Trial Attorney, Fraud Section, Criminal Division, United States Department of Justice (the "Department" or the "United States") and the defendant, Paul Grayson Novak (the "Defendant"), pursuant to Rule 11 of the Federal Rules of Criminal Procedure, have entered into a plea agreement (the "Agreement"), the terms and conditions of which are as follows:

### The Defendant's Agreement

1.    The Defendant agrees to plead guilty to Counts 1 and 2 of the Indictment at whatever time the Government elects to file this Agreement. Count 1 charges the Defendant with conspiring to violate the laws of the United States in violation of Title 18, United States Code, Section 371, namely, the Foreign Corrupt Practices Act ("FCPA"), Title 15, United States

Code, Sections 78dd-1, et seq. Count 2 charges the Defendant with making corrupt payments to foreign officials for the purpose of assisting in obtaining or retaining business in violation of the FCPA, Title 15, United States Code, Section 78dd-2(a).

## Factual Basis for the Plea

2.    The Defendant agrees to plead guilty because he is in fact guilty of the charged offenses. The Defendant admits the facts set forth in the statement of facts attached hereto as Exhibit A, filed with this plea agreement, and agrees that those facts establish guilt of the offenses to which he is pleading guilty beyond a reasonable doubt.

## Punishment Range

3.    The **statutory maximum** penalty for Count 1, a violation of Title 18, United States Code, Section 371, is five (5) years' imprisonment and a fine of the greater of (a) two hundred fifty thousand dollars ($250,000), or (b) if any person derived a pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, twice the gross gain or twice the gross loss. (18 U.S.C. § 3571). Additionally, the Defendant may receive a term of supervised release after imprisonment of up to three (3) years. (18 U.S.C. §§ 3559(a)(4), 3583(b)(2)).

4.    The **statutory** **maximum** penalty for Count 2, a violation of Title 15, United States Code, Section 78dd-2(a), is five (5) years' imprisonment and a fine of the greater of (a) one hundred thousand dollars ($100,000) or (b) if any person derived a pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, twice the gross gain or twice the gross loss.    (18 U.S.C. § 3571). Additionally, the Defendant may receive a term of supervised release after imprisonment of up to three (3) years.    (18 U.S.C. §§ 3559(a)(4), 3583(b)(2)).

5.    The Defendant acknowledges and understands that the statutory maximum terms of imprisonment for Counts 1 and 2 may be run consecutively to effect the Sentencing Guidelines' computation, for a total maximum term of imprisonment of ten (10) years.

6.    The Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release that may be imposed as part of his sentence, then the Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation.    (18 U.S.C. §§ 3559(a)(4), 3583(e)(3)).  The Defendant understands that he cannot have the

3

imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

7.    Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, the Defendant will pay to the Clerk of the United States District Court a mandatory special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Fine and Reimbursement

8.    The Defendant understands that under the United States Sentencing Commission, Guidelines Manual (the "Sentencing Guidelines" or "U.S.S.G."), Section 5E1.2(d)(7) (Nov. 2008), the Court is permitted to order the Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any is ordered.

9.    The Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and the Defendant will not attempt to avoid or delay payment.

10.    The Defendant agrees to make complete financial disclosure to the Department and to the Probation Office by, among other things, truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he is requested to do so.  In the event that the Court imposes a fine or orders the payment of restitution as part of the Defendant's sentence, the Defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following his sentencing.

## Cooperation

11.    The parties understand that this agreement carries the potential for a motion for downward departure by the Department before sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines or after sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure.  The Defendant understands and agrees that whether such a motion is filed will be determined solely by the Department.  Should the Defendant's cooperation, in the sole judgment and discretion of the Department, amount to "substantial assistance" the Department reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Rule 35 of the Federal Rules of Criminal Procedure.  The Defendant further agrees to persist in his plea through sentencing and fully cooperate with the Department.  The Defendant understands and agrees that the

Department may request that the Court defer sentencing until that cooperation is complete.

12.   The Defendant understands and agrees that "fully cooperate" as used herein includes providing all information relating to any criminal activity known to the Defendant, including but not limited to the conduct of current and former officers, directors, employees and agents of Willbros Group, Inc., Willbros International, Inc. and their subsidiaries and affiliates, and other individuals and entities in the oil field services industry and other industries engaged in violations of the Foreign Corrupt Practices Act and other crimes.  The Defendant understands that such information might relate to violations of federal, state, and local laws, as well as violations of foreign laws.  In that regard:

(a)   the Defendant agrees that this plea agreement binds only the Department; it does not bind any other federal, state, local, or foreign prosecuting authority other than the Department;

(b)   the Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the Department, including in a proceeding in a foreign jurisdiction.  Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)   the Defendant agrees to voluntarily attend any interviews, conferences, grand jury, trial and other legal

proceedings as the Department may request, including meetings with any foreign authority or regulator;

(d)    the Defendant agrees to provide truthful, complete and accurate information and testimony and understands that any false statements made by the defendant to the grand jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e)    the Defendant agrees to provide to the Government, upon request, any document, record, or other evidence relating to matters about which the Government or any designated U.S. or foreign law enforcement agency inquires, including but not limited to a full, complete and accurate personal financial statement;

(f)    if requested by the Department, the Defendant agrees to provide proactive assistance in ongoing investigations under the supervision of U.S. law enforcement;

(g)    the Defendant agrees to bring to the attention of the Department all crimes that he has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness; and

(h)    should the Department's recommended departure under Section 5K1.1 of the Sentencing Guidelines and/or Rule 35 of the Federal Rules of Criminal Procedure, if any, not meet the Defendant's expectations, the Defendant understands that he remains bound by the terms of this agreement and cannot, for that reason, withdraw his plea.

**Waiver of Appeal**

13.    The Defendant is aware that Title 18, United States Code,

Section 3742 affords a defendant the right to appeal the sentence imposed.

The Defendant agrees to waive the right to appeal the sentence imposed or the manner in which the Court determined it. The Defendant may appeal only a sentence imposed above the statutory maximum. Additionally, the Defendant is aware that Title 28, United States Code, Section 2255 affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The Defendant waives the right to contest his conviction or sentence by means of **any** post-conviction proceeding, **including but not limited to Title 28, United States Code, Sections 1651, 2241 and 2255**.

14.     The Defendant further waives any rights under Title 28, United States Code, Section 2241 to challenge the manner in which the sentence is executed or the legality of the Defendant's detention. In exchange for this Agreement with the United States, the Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time barred on the date that this Agreement is signed, in the event that:   (a) the Defendant's conviction is later vacated for any reason; (b) the Defendant violates any provision of this Agreement; or (c) a court later permits the Defendant to withdraw his plea.

15.   In agreeing to these waivers, the Defendant is aware that a sentence has not yet been determined by the Court.  The Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, **did not induce his guilty plea**, and is not binding on the United States, the Probation Office or the Court.  The United States does not make any promise or representation concerning what sentence the Defendant will receive.  The Defendant further understands and agrees that the Sentencing Guidelines are "effectively advisory" to the Court.  United States v. Booker, 125 S. Ct. 738 (2005).  Accordingly, the Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing the Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence the Defendant within the calculated guideline range.

16.   The Defendant understands and agrees that he makes each and all waivers contained in this Agreement in exchange for the concessions made by the United States in this Agreement.

**The Agreements of the United States**

17.    The United States agrees to each of the following:

(a)    After sentencing is complete, the United States agrees to dismiss counts Three and Four of the Indictment;

(b)    Provided that the defendant commits no new criminal offenses and provided he continues to demonstrate an affirmative recognition and affirmative acceptance of personal responsibility for his criminal conduct, the United States agrees that it will recommend at sentencing that the defendant receive a three level reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.  However, the United States will not be required to make this sentencing recommendation if the defendant:  (1) fails or refuses to make a full, accurate and complete disclosure to the United States and the Probation Office of the circumstances surrounding the relevant offense conduct and his present financial condition; (2) is found to have misrepresented facts to the United States prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; and

(c)    If the Defendant fully complies with the understandings specified in this Agreement, he will not be further prosecuted criminally by the United States for any conduct described in the Indictment or otherwise disclosed by him to the Department as of the date of this Agreement.  This Agreement does not provide any protection against prosecution for any crimes except as set forth in the immediately preceding sentence.

### United States' Non-Waiver of Appeal

18.    The United States reserves the right to carry out its responsibilities under Guidelines sentencing.  Specifically, the United States reserves the right to:

(a)    bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)    set forth or dispute sentencing factors or facts material to sentencing;

(c)    seek resolution of such factors or facts in conference with the Defendant's counsel and the Probation Office;

(d)    file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, United States Code, Section 3553(a); and

(e)    appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

19.    The Defendant is aware that the sentence may be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a).    The Defendant nonetheless acknowledges and agrees that:  (a) the Court has justification and authority to impose any sentence up to and including the statutory maximums set for

11

the offenses to which the Defendant pleads guilty; (b) the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines; and (c) any sentence within the Sentencing Guidelines range determined by the Court is reasonable. The Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentencing imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

20.    Although not binding on the Court, the parties agree that the applicable sentencing guidelines are the 2008 Sentencing Guidelines, which apply as follows:

a)  Base Offense Level (§ 2C1.1(a))          12

b)  Involved more than one bribe (§ 2C1.1(b))   2

c)  Value of corrupt payments was more than
    $2,500,000 but less than $7,000,000
    (§§ 2C1.1 (b)(2), 2B1.1(b)(1)(J))          18

                SUBTOTAL                        32

If the defendant is granted the decrease in
offense level allowed by Section 3E1.1(a)
and the additional decrease allowed by
Section 3E1.1(b)                               -3

FINAL OFFENSE LEVEL                            29

(Assuming Criminal History Category I)    87-108 months

21.    The Defendant agrees not to seek any decrease in his adjusted

offense level as set forth above.  The Defendant further agrees not to seek a

downward departure or variance for any reason from the otherwise

applicable guideline range established by the Sentencing Guidelines.  The

United States also agrees not to seek an upward departure or variance for

any reason from the otherwise applicable guideline range established by the

Sentencing Guidelines.  In the event that this plea agreement is either not

accepted or is accepted and subsequently withdrawn, the parties will not be

bound by the proposed interpretations of applicable Sentencing Guidelines

provisions contained herein.

22.    The Defendant agrees to pay a criminal fine in the amount of one million dollars ($1,000,000) at the time of sentencing, and agrees that such fine is appropriate pursuant to 18 U.S.C. § 3571.  The Defendant agrees that this one million dollars represents less than twice the gross gain he realized from the offenses to which he is pleading guilty.  Should the Court find that restitution is warranted and appropriate, the parties agree to recommend to the Court that the one million dollar fine – or a portion thereof, if the restitution amount is less than one million dollars – be applied toward restitution, pursuant to 18 U.S.C. § 3572, with any remainder of the one million dollars paid as a criminal fine.

### Rights at Trial

23.    The Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance.  The Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.  The Defendant understands that the rights of a defendant include the following:

(a)    If the Defendant persisted in a plea of not guilty to the charges, the Defendant would have the right to a speedy jury trial with the assistance of counsel.  The trial may be conducted by a judge sitting without a jury if the Defendant, the Department and the Court all agree;

(b)    At a trial, the Department would be required to present witnesses and other evidence against the Defendant.  The

Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court; and

(c)    At a trial, the Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the Defendant desired to do so, he could testify on his own behalf.

## Breach of Plea Agreement

24.    If the Defendant should fail in any way to fulfill completely all of his obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the Defendant's guilty plea and sentence will stand. If at any time the Defendant retains, conceals or disposes of assets in violation of this plea agreement, or if the Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. In the event the Defendant does not plead guilty or breaches this Agreement, the Defendant agrees that he thereby waives any protection afforded by Section 1B1.8(a) of the Sentencing Guidelines and Rule 11(f) of the Federal Rules of Criminal Procedure, and that any statements made by the Defendant as part of his plea discussions or as part of his cooperation with the government will be

15

admissible against him without limitation in any prosecution. Additionally, in the event the Defendant does not plead guilty or breaches this Agreement, any information and documents that have been disclosed by the Defendant, whether prior or subsequent to this plea agreement, and all leads derived therefrom, may be used against the Defendant in any prosecution.

25.    Whether the Defendant has breached any provision of this plea agreement shall be determined solely by the Department, whose judgment in that regard is final.

### Complete Agreement

26.    This written plea agreement, consisting of seventeen (17) pages (including the signature pages), together with the attached addendum of the Defendant and his attorneys and the attached factual basis for guilty plea, constitute the complete plea agreement between the United States and the Defendant. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. The Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

27.    Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on ___May 6___, 2009

_____
Paul Grayson Novak
Defendant

Subscribed and sworn to before me on

___November 12___, 2009.


MICHAEL N. MILBY
UNITED STATES DISTRICT CLERK


By:    _____
Deputy United States District Clerk



APPROVED:

STEVEN A. TYRRELL                          By:    _____
Chief, Fraud Section                                      Robert J. Sussman
                                                                    Charley A. Davidson
By: _____        *Attorneys for Defendant*
Hank Bond Walther, Assistant Chief           *Paul Grayson Novak*
Laura N. Perkins, Trial Attorney


17

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

## PLEA AGREEMENT – ADDENDUM

I have fully explained to the Defendant his rights with respect to the pending Indictment.  I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to the Defendant the provisions of those Guidelines that may apply in this case.  I have also explained to the Defendant that the Sentencing Guidelines are only advisory and that the Court may sentence the Defendant up to the maximum allowed by statute per count of conviction.  Further, I have carefully reviewed every part of this plea agreement with the Defendant.  To my knowledge, the Defendant's decision to enter into this agreement is an informed and voluntary one.

Dated:  May ⸤ , 2009

_____
Robert J. Sussman
Charley A. Davidson
Attorneys for Defendant

I have consulted with my attorneys and fully understand all my rights with respect to the Indictment pending against me. My attorneys have fully explained and I understand all of my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> that may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorneys. I understand this plea agreement and I voluntarily agree to its terms.

Dated: May 6, 2009

Paul Grayson Novak
Defendant